UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NUMBER 3:26-cv-240-CHB-LLK

WESBANCO, INC. PLAINTIFF

v.

CREEKSIDE AUTO SALES, LLC, *et al.* DEFENDANTS

OPINION AND ORDER

This matter was referred to the undersigned United States Magistrate Judge for resolution of all non-dispositive pretrial motions pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R.Civ. P. 72. [Text Order at DN 18]. Currently pending before the Court is Defendants' Motion to Stay Civil Proceedings Or, In the Alternative, To Hold This Matter In Abeyance Pending Resolution of Related Criminal Proceedings. [DN 9]. Plaintiff WesBanco has filed a responsive Memorandum in Opposition to Motion to Stay This Proceeding. [DN 12]. No Reply was filed, and the matter is now ripe for adjudication.

For the reasons that follow, Defendants' Motion to Stay or Hold in Abeyance [DN 9] is DENIED as to all Defendants: Creekside Auto Sales II, LLC (Creekside), Robert King (King), Kingor Properties, LLC (KPL), and Lee Ann Crigler (Crigler).

## I. FACTUAL BACKGROUND

Plaintiff WesBanco is a West Virginia Bank who filed suit against Defendants Creekside, King, KPL, and Crigler to collect on a commercial loan. Specifically, the Complaint provides:

> This is an action by Plaintiff, WesBanco, to recover the unpaid sums owed to it on a loan it extended to Creekside Auto, and which Creekside Auto, Mr. King and KPL

> promised in a Forbearance Agreement would be paid in various monthly installments and paid in full on or before November 10, 2026. Those promised payments were not paid. As part of the promises in the Forbearance Agreement, Mr. King and Ms. Crigler promised to give WesBanco mortgage liens on several pieces of property located in Hardin and Meade counties in Kentucky, but they failed to do so, and this is an action for specific performance to obtain such mortgages. Also, WesBanco was granted certain security interests in the personal property of Creekside Auto, and this is an action to enforce those security interests. NextGear may be claiming certain security interests in the personal property collateral claimed by WesBanco, and this is an action for a declaration of rights as to the respective liens of WesBanco and NextGear and also for appropriate monetary or other relief if NextGear has acted improperly with respect to WesBanco's collateral.

Complaint, [DN 1] at 2.

Soon after the filing of Plaintiff's Complaint in this case, Defendant King was charged with nine counts of improper issuance of temporary registration tags in violation of KRS 186A.110, charges that are pending in Hardin County, Kentucky District Court Case Number 26-T-02165 [DN 12-1] at 1-3. On May 22, 2026, the Defendants answered the Complaint and asserted Counterclaims against Plaintiff WesBanco for breach of contract, breach of good faith and fair dealing, and tortious interference with prospective business advantage. [DN 8].

## II. MOTION TO STAY/HOLD IN ABEYANCE

All four Defendants have collectively moved to stay or hold in abeyance this litigation because there are currently criminal charges pending against Defendant Robert King individually in Hardin County, Kentucky, arguing that

> Proceeding with this civil case on a normal discovery schedule will force Mr. King to choose between fully defending himself in this action—including on issues of vehicle sales, titles, payoffs, and collateral disposition—and preserving his Fifth Amendment rights in the criminal case. That dilemma is precisely the situation in which federal courts routinely exercise their discretion to stay or hold civil matters in abeyance pending completion of parallel criminal proceedings.

Defendants' Motion to Stay, [DN 9] at 2.

Defendants contend that there is substantial overlap between the civil allegations in the present litigation concerning mortgage liens and nonpayment under the Forbearance Agreement and Defendant King's alleged illegal issuance of nine temporary registration tags as charged in the Hardin County District Court, traffic division case. Specifically, Defendants' Motion indicates that "WesBanco's Complaint is premised on alleged 'out-of-trust' sales, handling of vehicle inventory and titles, and disposition of collateral and proceeds; the related loan documents emphasize titles, MSOs, collateral tracking, and the requirement to pay WesBanco within five days of a sale or receipt of funds." [DN 9] at 4. Defendants urge that "both matters turn on the same core questions: what happened to particular vehicles, when and how were they sold; how were customer funds applied; when were payoffs remitted; and how were titles and collateral released or not released. The factual overlap is substantial, and discovery in this case will necessarily mirror evidence relevant to the criminal prosecution." *Id*. Defendants' Motion further posits that allowing this case to continue presents a direct Fifth Amendment dilemma for Defendant King; that a stay would not unduly prejudice Plaintiff WesBanco but proceeding in this civil case simultaneously with Defendant King's criminal case would severely burden the Defendants; that a stay would promote judicial efficiency; and that the balance of interests favors a stay or abeyance. [DN 9] at 6. Finally, Defendants argue that there is an overlap of issues given their counterclaim for tortious interference with Creekside Auto's ability to obtain a refinance loan from NextGear Capital, Inc.

In response, Plaintiff WesBanco objects to any stay, noting recent decisions within this district declining to stay civil litigation because criminal proceedings are pending. Plaintiff notes that the Hardin County District Court case against one Defendant, Robert King, does not apply to the other three defendants. In addition, two of the defendants are limited liability companies to

which the Fifth Amendment privilege against self-incrimination does not apply.[1] Noting that a stay of civil proceedings due to a pending criminal investigation is an "extraordinary remedy,"[2] Plaintiff argues that the balance of factors weigh in its favor and that at most any stay should apply only to Defendant Robert King and not the other three defendants. [DN 12] at 5, 8.

## III. STANDARD OF REVIEW

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests within the sound discretion of the District Court. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (citation omitted). District courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Id.* at 627 (citing *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)). While the power to enter a stay rests with the district court, it "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Environmental Council v. U.S. District Court, Southern District of Ohio, Eastern Division*, 565 F.2d 393, 396 (6th Cir. 1977). Furthermore, a stay of civil proceedings due to a pending criminal investigation is an "extraordinary remedy" and "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment." *Johnson, next friend of C.P.S. v. Hamilton City Gov't*, No. 1:19-cv-329, 2020 WL 6479558, at *1 (E.D. Tenn. Feb. 26, 2020) (citations and

[1] Plaintiff cites authority from this district, *Embry v. Discount Motors, LLC*, No. 4:23-cv-78-HBB, 2024 WL 558260 (W.D. Ky. Feb. 12, 2024) for the proposition that a limited liability company, like other corporate entities, "is not entitled to assert a privilege against self-incrimination under the Fifth Amendment."
[2] Plaintiff cites authority from this district, *Williams v. Webster County*, No. 4:21-CV-00093-JHM, 2022 U.S. Dist. LEXIS 71536, at *2 (W. D. Ky. April 18, 2022) for the proposition that a stay of civil proceedings while a criminal action is pending is an "extraordinary" remedy that is not Constitutionally mandated.

internal quotation marks omitted). The party seeking the stay bears the burden for establishing "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Environmental Council*, 565 F.2d at 396.

District courts considering a stay of civil proceedings while a parallel criminal action is pending look at the following factors: (1) "the extent to which the issues in the criminal case overlap with those presented in the civil case"; (2) "the status of the case, including whether the defendants have been indicted"; (3) "the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay"; (4) "the private interests of and burden on the defendants"; (5) "the interests of the courts"; and (6) "the public interest." *F.T.C.*, 767 F.3d at 627. As part of this multi-factor analysis, courts "should consider the extent to which the defendant's fifth amendment rights are implicated." *Id*. (quotation marks omitted). The party seeking the stay bears the burden of showing a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id*. at 627-28. *See also Napper v. Hankison*, No. 3:20-CV-764-BJB-RSE, 2021 WL 1084970, at *2 (W.D. Ky. Feb. 5, 2021).

## IV. DISCUSSION

As a preliminary matter, the Court finds that as limited liability companies, Defendants Creekside Auto Sales II, LLC and Kingor Properties, LLC are not entitled to the same Fifth Amendment privilege that individuals enjoy. In *Embry v. Discount Motors*, *LLC*, 4:23-CV-78-HBB, 2024 WL 558260 (W.D. Ky. Feb. 12, 2024) Magistrate Judge Brennenstuhl recently noted that corporate entities are not entitled to assert a privilege against self-incrimination under the Fifth Amendment: "It has long been settled in federal jurisprudence that the constitutional privilege

against self-incrimination is 'essentially a personal one, applying only to natural individuals.' It 'cannot be utilized by or on behalf of any organization, such as a corporation.'" *George Campbell Painting Corp. v. Reid*, 392 U.S. 286, 288-89 (1968) (internal citation omitted). Under the holding in *Embry*, Defendant King, if called upon to act as a records custodian in the production of documents on behalf of Creekside Auto Sales II, LLC and Kingor Properties, LLC, may not assert a Fifth Amendment opposition on that basis. *See In re. Grand Jury Subpoena (John Doe, Inc.),* 991 F. Supp. 2d 968, 973-76 (E.D. Mich. 2014). In the present Motion, there is no suggestion that the defendant LLCs and/or Defendant Crigler are currently the subject of criminal charges. Accordingly, the Court finds that any proposed stay or abeyance of this case would only apply to Defendant King, as he is the only Defendant against whom charges have been alleged. Accordingly, the balance of the Court's inquiry will focus solely upon whether Defendant King's Fifth Amendment right against self-incrimination will be implicated sufficiently in this civil action so as to justify a stay or abeyance only as to him individually.

A/B. Issue Overlap between Criminal and Civil Cases & Status of Criminal Case

The claims asserted in this civil collection action and the charges lodged against Defendant King in Hardin County District Court for improper issuance of temporary registration tags do not overlap except to the extent that Defendant King borrowed money to operate his car dealership and the issuance of temporary registration tags is a routine, ancillary part of that business. The Court takes judicial notice of the Forbearance Agreement filed as DN 1-1 as Exhibit 1 to Plaintiff's Complaint, and specifically to Defendant King's admission therein that "Out of Trust Sales" occurred. The Court does not completely agree with Plaintiff that the two have "nothing to do with" each other. The issuance of temporary registration tags may in fact have been part of the "Out of Trust Sales" transactions mentioned in the Forbearance Agreement. However, the Court

does agree that the Recitals concede that certain “Out of Trust Sales” transactions had occurred and any Fifth Amendment implication is likely minimal. To the extent that Defendants have counterclaimed against Plaintiff WesBanco for tortious interference with Creekside Auto’s relationship with NextGear Capital, Inc., that Counterclaim is quite removed factually from the allegations against Defendant King of improper issuance of temporary registration tags. It is difficult to imagine a factual scenario in which tortious interference with a business prospect would involve the same facts as the case against Defendant King for issuance of improper temporary registration tags. The Court is persuaded by Plaintiff WesBanco’s position that any overlap of facts is minimal.[3]

The Court had to rely on Plaintiff’s brief for details regarding the status of the case against Defendant King, as Defendants’ Motion lacks specific details on this factor. Notably, Defendant/movants have not alleged that criminal proceedings are underway as against Defendants Creekside, KPL or Crigler. Presumably, the traffic court case against Defendant King was still pending in Hardin County Case Number 26-T-02165 at the time of filing of Plaintiff’s brief. Plaintiff indicates that there is no way to know how long the case will be pending in Hardin County, and there is very minimal, if any, overlap with the present commercial collection case. Plaintiff urges that this factor weighs firmly in its favor as to Defendants Creekside, KPL and Crigler, and the Court agrees. To the extent that there is any factual overlap between Defendant King’s allegedly improper issuance of temporary vehicle registration tags, collection under the Forbearance Agreement, and the Defendants’ tortious interference Counterclaim, the Court finds the connection tenuous. “Trial courts within the Sixth Circuit have treated this scenario—‘a party under

[3] Plaintiff WesBanco cites to *Napper v. Hankison*, No. 3:20-cv-765-BJB-RSE, 2021 U.S. Dist. LEXIS 22268, *5 (W.D. Ky. Feb. 5, 2021) in contrast where “significant (and arguably total) overlap between the facts underlying the criminal and civil cases facing Hankison” in the Breonna Taylor civil and criminal cases was found.

indictment for a serious offense required to defend a civil or administrative action involving the same matter'—as 'the *strongest case* for deferring civil proceedings until after completion of criminal proceedings.'" *Napper v. Hankison*, No. 3:20-CV-764-BJB-RSE, 2021 WL 1084970, at *2 (W.D. Ky. Feb. 5, 2021) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (emphasis added) and citing *S.E.C. v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016); *Bunch v. Foley*, No. 1:15-CV-1114, 2015 WL 7871051, at *2 (W.D. Ky. Dec. 3, 2015)). In fact, "[a] stay is most appropriate where a party to the civil case has been indicted for the same conduct because (1) 'the likelihood that a defendant may make incriminating statement is greatest after an indictment has issued ….'" *Sec. & Exch. Comm'n v. Bongiorno*, No. 1:20-CV-00469, 2022 WL 891811, at *3 (N.D. Ohio Mar. 28, 2022) (quoting *F.T.C.*, 767 F.3d at 628); *Smith v. FirstEnergy Corp.*, No. 2:20-CV-3755, 2021 WL 507881, at *2 (S.D. Ohio Feb. 11, 2021). While courts in this circuit have acknowledged that the "[t]he simultaneous litigation of criminal charges and civil causes of action against the same person, for the same conduct, 'may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings,'" *Doe v. Matthew 25, Inc.*, 322 F. Supp. 3d 843, 850 (M.D. Tenn. 2018) (quoting *State Farm Life Ins. Co. v. Lindsey*, No. 2:14-CV-1902, 2015 WL 12991126, at *1 (S.D. Ohio June 29, 2015)), Defendant King has simply failed to demonstrate a sufficient overlap of facts and conduct underlying both cases.

C/D. <u>Civil Action Delay Prejudice vs. Private Interest/Burden On Criminal Defendant</u>

The third and fourth factors require courts to "balance the private interests of the parties against the potential prejudice faced by each." *Sikon v. Carroll County, Ohio*, No. 5:20-CV-0674, 2020 WL 8838043, at *3 (N.D. Ohio June 12, 2020). The Sixth Circuit has identified the balancing of hardships as the most important factor in a court's analysis. *Napper*, 2021 WL 1084970, at *3.

Courts recognize that "[d]elay is particularly harmful to a plaintiff when the risk of spoliation of evidence, failed memories, or witness unavailability is high." *Johnson*, 2020 WL 6479558 at *3.

Here, the third and fourth factors weigh in favor of Plaintiff. When the hardships in this case are weighed, the Court notes that there is very little useful information to be gleaned by Plaintiff from the "free discovery" Defendants assert will happen should Defendant King be forced to carry on in both civil and criminal litigation simultaneously. Plaintiff would get no more information than that to which they are entitled in discovery in either case. In addition to spoliation of evidence, failed memories and witness unavailability, Plaintiff makes a good case that the Counterclaim brings into issue the interactions between Creekside Auto, WesBanco, and NextGear. Specifically, a stay at this point in the civil litigation could result in witnesses and evidence regarding the parties' interactions with NextGear becoming lost and difficult or expensive to locate. [DN 12] at 8. And as this case involves money damages and property interests sought, there are real concerns that assets may be dissipated or transferred. *See Embry v. Discount Motors*, LLC, 4:23-CV-78-HBB, 2024 WL 558260, *5 (W.D. Ky. Feb. 12, 2024). Certainly, disposal or transfer of assets by a defendant is a concern that weighs in favor of a Plaintiff's interest in moving the matter forward expeditiously.

As to the private interests and burden on Defendant King in moving forward with both cases simultaneously, he would be entitled to assert his Fifth Amendment privilege against self-incrimination if implicated during civil discovery.[4] Neither Creekside Auto Sales II, LLC nor Kingor Properties, LLC is entitled to assert such an objection. As noted above, if Defendant King, is called upon to act as a records custodian in the production of documents on behalf of Creekside Auto Sales II, LLC and/or Kingor Properties, LLC, he may not assert a Fifth Amendment

[4] The Court assumes that any assertion of Fifth Amendment privilege would be made in good faith and for good cause. Any such assertions should be specific, limited, and narrowly tailored in scope when asserted.

opposition on that basis. And while neither party has addressed the potential penalties Defendant King may face for the alleged nine violations of KRS 186A.110 pending in Hardin County District Court, the Court finds it somewhat helpful in weighing the equities as required by the third and fourth factors. Specifically, KRS. 190.990(6) provides:

> Any licensee who violates KRS 186A.100, 186A.105, 186A.110, or 186A.990(4) may be subject to the following penalties levied by the commission:
>
> (a) For the first offense, a warning or a fine of up to one thousand dollars ($1,000) per violation;
>
> (b) For the second offense within a two (2) year period, a fine of up to two thousand dollars ($2,000) per violation and a suspension of the licensee's license for up to one (1) year; and
>
> (c) For the third offense within a two (2) year period, a fine of up to two thousand dollars ($2,000) per violation and a revocation of the licensee's license.

It appears that the penalties for violation of KRS 186A.110 are more administrative than punitive in nature. That is, violations of KRS 186A.110 appear to result in fines and suspension/revocation of a state-regulated license. And while the penalties Defendant King is facing could be substantial, they would likely be a fraction of the $586,539.33 at issue in this collection case. At best, this factor is neutral for each side.

E/F. <u>The Interests of the Courts and The Public Interest</u>

Both the fifth and sixth factors—the Court's and the public's interests—weigh in favor of the civil case continuing parallel to Defendant King's Hardin County District Court charges. The Court expects the parties to proceed with discovery as contemplated by the civil rules and joint

local rules, and will address any discovery disputes regarding Defendant King's assertion of his Fifth Amendment rights should such a conflict arise. Both the Court and the public interests are advanced when cases are handled in the "just, speedy, and inexpensive determination of every action and proceeding" contemplated by Rule 1 of the Federal Rules of Civil Procedure. The Court finds that the Defendants' Motion to Stay/Hold in Abeyance is not appropriate at this time and based upon this record. However, the Court will deny Defendants' Motion to Stay/Hold in Abeyance without prejudice should circumstances change and the individual defendants' Fifth Amendment rights become more directly implicated. Accordingly,

IT IS ORDERED that Defendants' Motion to Stay Civil Proceedings Or, In the Alternative, To Hold This Matter In Abeyance Pending Resolution of Related Criminal Proceedings [DN 9] is DENIED, without prejudice, as to all Defendants: Creekside, King, KPL, and Crigler.

October 27, 2026

**Lanny King, Magistrate Judge**
**United States District Court**